UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSETTE R. LEVASSEUR,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>MIDLAND MORTGAGE CO. and<br>SAFEGUARD PROPERTIES, Inc.,<br><br>　　　　Defendants. | Civil Action No.  09-0377 (JDB) |

## ORDER

　　　　Before the Court is plaintiff's motion for reconsideration.  Motions for reconsideration are governed by Federal Rule of Civil Procedure 59(e).  "A Rule 59(e) motion is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  Ciralsky v. Cent. Intelligence Agency, 355 F.3d 661, 671 (D.C. Cir. 2004) (quoting Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996)).  Here, there has been no change in law or discovery of new evidence, and hence plaintiff's motion may only be granted if the Court finds a need to correct clear error or to prevent manifest injustice.  But denial of plaintiff's pre-discovery summary judgment motion certainly was not clearly erroneous and has worked no such injustice.  The case simply entered the discovery phase, as is routine.  Indeed, a grant of that motion might have worked the very injustice that the Federal Rules of Civil Procedure are designed to prevent.

　　　　Plaintiff sought summary judgment -- and seeks reconsideration -- against Safeguard Properties, Inc. based on deposition testimony provided by Midland Mortgage Co.'s corporate

designee.  That deposition was taken on November 11, 2008.  See Pl.'s Mot. at 2.  Safeguard was not added as a defendant in this case until January 2009.  Safeguard had no involvement at the Midland deposition and, at the time of plaintiff's summary judgment motion, had not been provided with an opportunity to conduct any of its own discovery.  See Defs.' Opp. at 4.  "Pre-discovery summary judgment motions are usually premature and hence disfavored."  Bourbeau v. Johnathan Woodner Co., 600 F. Supp. 2d 1, 3 (D.D.C. 2009).[1]  Granting summary judgment against Safeguard based on a deposition that preceded its involvement in this litigation would be plainly unjust.  For these reasons, and the entire record herein, it is hereby **ORDERED** that plaintiff's motion for reconsideration is **DENIED**.

The Court also reminds the parties that it expects them to resolve routine disputes on their own.  As the Court advised at the Initial Scheduling Conference on April 22, 2009, each party should carefully consider the merits of its position before resisting reasonable requests from the other side or seeking the assistance of the Court.  Intransigence for the sake of intransigence falls beyond the bounds of zealous advocacy, and the Court does not look kindly upon frivolous requests or plainly unreasonable arguments.  And in any event, all reasonable, good faith efforts should be exhausted before bringing a discovery dispute to the Court's attention, and even then the informal resolution process outlined by the Court at the Initial Scheduling Conference should be followed instead of filing written motions.

---

[1] See also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (summary judgment is normally appropriate after "adequate time for discovery"); Tabb v. District of Columbia, 477 F. Supp. 2d 185, 188 n.1 (D.D.C. 2008) (noting that a pre-discovery summary judgment motion "usually is a disfavored practice").

**SO ORDERED.**

/s/ John D. Bates
John D. Bates
United States District Judge

Date: July 29, 2009